IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID MEYER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, and LAURA HOPPES,**<br><br>      **Defendants.** | Case No. 23-2357-DDC-GEB |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants State Automobile Mutual Insurance Company's Motion to Dismiss (Doc. 6) and Laura Hoppes's Motion to Dismiss (Doc. 7). Defendants move in response to plaintiff David Meyer's breach of contract and negligence suit against them. Both defendants ask the court to dismiss Mr. Meyer's negligence claim against Ms. Hoppes for failing to state a cause of action. Ms. Hoppes also asks the court to dismiss Mr. Meyer's breach of contract claim, arguing that Ms. Hoppes isn't a party to the contract between State Auto and Mr. Meyer, and for failing to state a cause of action. Plaintiff has failed to respond to either of defendants' motions. For the reasons explained below, the court grants defendants' unopposed Motions to Dismiss.

    **I.**    **Background**

The following alleged facts come from plaintiff's original Petition (Doc. 1-1), unless otherwise noted.

State Auto is an insurance company, headquartered in Massachusetts and incorporated in Ohio. Doc. 1-2 at 1 (Miller Decl. ¶ 3). State Auto is authorized to sell property insurance

policies in Kansas. Doc. 1-1 at 2 (Pet. ¶ 2). Plaintiff, a Kansas citizen, owns a home at 316 Main Street, Bucyrus, Kansas. *Id.* (Pet. ¶¶ 1, 5). Plaintiff took out a homeowners' insurance policy on his home with State Auto. *Id.* at 3 (Pet. ¶ 6). The insurance policy provided a $231,600 limit for dwelling coverage and a $162,120 limit for personal property loss. *Id.* at 3, 4 (Pet. ¶¶ 10, 17). On or around July 26, 2022, plaintiff's residence suffered extensive water damage caused by a pipe failure, amounting to a total loss. *Id.* at 3 (Pet. ¶¶ 7–8).

On June 30, 2023, Mr. Meyer sued State Auto in Miami County District Court for breach of contract and negligence pertaining to the house cleanup events following the July 2022 water damage. *See generally id.* (Pet.). Plaintiff alleges that State Auto "removed personal property from [plaintiff's] residence and placed it in the trash without documenting such property," "attempted to clear personal property in a way that caused further damage," "lost Plaintiff's personal property," and "declines to provide insurance benefits" under the policy. *Id.* at 4 (Pet. ¶¶ 18–22).

Plaintiff also sued defendant Laura Hoppes, a Kansas citizen and State Auto employee, for negligently managing plaintiff's claim. *Id.* at 5 (Pet. ¶ 29). Mr. Meyer alleges that: (1) Ms. Hoppes had a duty "to promptly provide water mitigation services so that Plaintiff's property would not incur additional damage;" (2) Ms. Hoppes failed to meet that duty; and (3) Ms. Hoppes's failure "to ensure necessary mitigation work was performed in a timely manner" caused more damage to Mr. Meyer's property, including "extensive mold growth and foundation issues." *Id.* (Pet. ¶¶ 33–35). Mr. Meyer also alleges that State Auto is responsible for Ms. Hoppes's negligence under the doctrine of *respondeat superior*. *Id.* (Pet. ¶ 31).

On August 15, 2023, State Auto removed this case to federal court, arguing that plaintiff fraudulently joined Ms. Hoppes to destroy complete diversity. *See* Doc. 1 (Notice Removal).

The same day, both defendants filed Motions to Dismiss the negligence claim against Ms. Hoppes for failing to state a claim. Doc. 6; Doc. 7. Defendants argue the following: Mr. Meyer's Petition asserts that the insurance policy requires Ms. Hoppes to act with a duty of care. But Kansas treats contractually-imposed duties—like the duty Mr. Meyer alleges Ms. Hoppes has under the insurance policy—to support actions in contract, instead of negligence actions sounding in tort. So, Mr. Meyer's negligence claim must fail. Doc. 6 at 3–6 (State Auto Mot. Dismiss); Doc. 7 at 4–7 (Hoppes Mot. Dismiss). Ms. Hoppes also asked the court to dismiss the breach of contract claim against her for failing to state a claim.[1] Doc. 7 at 4 (Hoppes Mot. Dismiss). She argues that the insurance policy is between Mr. Meyer and State Auto, and because she's not a party to the contract, the court should dismiss the claim. *Id.* As recounted in more detail below, Mr. Meyer failed to respond to either Motion to Dismiss.

The court now assesses defendants' arguments in support of their Motions to Dismiss. This analysis begins with the governing legal standard. But first, the court explains why it possesses subject matter jurisdiction over this action.

## II. Subject Matter Jurisdiction

The court has an independent obligation to ensure that subject matter jurisdiction exists. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Diversity jurisdiction requires a party who invokes diversity jurisdiction to "show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking

---

[1] Ms. Hoppes recognizes that Mr. Meyer "alleges only that State Auto breached its contract" and that "[t]here are no allegations that Ms. Hoppes is a party to the contract or is otherwise contemplated thereunder." Doc. 7 at 3 (Hoppes Mot. Dismiss). But Ms. Hoppes nevertheless asserts that Mr. Meyer asserts no valid breach of contract claim against Ms. Hoppes. *Id.* It's not clear whether Mr. Meyer sues Ms. Hoppes for breach of contract, or solely for negligence. But it matters not, because both claims fail for reasons explained below.

3

when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  A corporation's citizenship—for purposes of the diversity jurisdiction analysis—is determined by the entity's state of incorporation and principal place of business.  *See Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).  For individuals, diversity jurisdiction turns on citizenship.  *See generally* 28 U.S.C. § 1332.  Citizenship determinations are based on an individual's domicile.  *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006).

State Auto removed this action to federal court.  So, even though it's a defendant, State Auto bears the burden to establish subject matter jurisdiction.  Here, it shoulders that burden by invoking the court's diversity jurisdiction conferred by 28 U.S.C. § 1332.  State Auto contends it meets the amount in controversy requirement and is diverse from Mr. Meyer for purposes of diversity jurisdiction.  *See, e.g.*, Doc. 1 at 3, 6 (Notice Removal & Jury Demand ¶¶ 8, 18) ("Complete diversity of citizenship exists between Plaintiff and State Auto, the only properly joined defendant, as they are citizens of different states;" "Plaintiff's Petition specifically seeks recovery for breach of contract 'in an amount of $374,523[.]'").  Here, State Auto is a citizen of Massachusetts and Ohio.  Ms. Hoppes and Mr. Meyer are both citizens of Kansas.  State Auto is diverse from Mr. Meyer, but diversity doesn't exist unless Mr. Meyer fraudulently joined Ms. Hoppes, another Kansas citizen.

"To establish [fraudulent] joinder, the removing party must demonstrate either:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).  "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must

be resolved in favor of the plaintiff." *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). "[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Smoot v. Chi., R.I. & P. R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967).

State Auto asserts that Mr. Meyer fraudulently joined non-diverse Ms. Hoppes because Mr. Meyer establishes neither a negligence nor breach of contract cause of action against Ms. Hoppes under Kansas law. First, as the court further explains below, the "Kansas Supreme Court has explicitly rejected the contention that the failure of an insurer to meet its contractual duties can give rise to a claim of negligence." *Progressive Nw. Ins. Co. v. Gant*, No. 15-9267-JAR-KGG, 2016 WL 4430669, at *4 (D. Kan. Aug. 22, 2016). And second, "a contract cannot bind a nonparty." *Ayres v. AG Processing Inc.*, 345 F. Supp. 2d 1200, 1215 (D. Kan. 2004) (internal quotation marks and citation omitted). The court thus agrees with defendants. Mr. Meyer has no cause of action against Ms. Hoppes, and so plaintiff fraudulently joined Ms. Hoppes. That conclusion nullifies Ms. Hoppes's role in the diversity analysis. *See Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 n.* (10th Cir. 1983); *Smoot*, 378 F.2d at 881–82. The court dismisses Ms. Hoppes and exercises diversity jurisdiction over Mr. Meyer's claims against State Auto. The court explains this dismissal, below, beginning with the relevant legal standard.

### III. Motion to Dismiss for Failure to State a Claim

Defendants ask the court to dismiss Ms. Hoppes because of "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988. To demonstrate Mr. Meyer's inability to state a claim against non-diverse Ms. Hoppes, defendants move to dismiss the claims against her under Rule 12(b)(6).

5

### A.     Legal Standard

Rule 12(b)(6) allows an opposing party to seek dismissal of a pleading that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  For a complaint to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume that the factual allegations in the complaint are true. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555).  But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Also, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

### B.      Analysis

The court now turns to defendants' arguments, beginning first with plaintiff's failure to respond to either motion.  The court then addresses the merits of defendants' Motions to Dismiss (Doc. 6; Doc. 7).

#### 1.      **Plaintiff's Failure to File a Response**

This court's local Rules 6.1(d)(2) and 7.1(c) provide that a party opposing a motion must file a response "within 21 days after the motion is served."  If the court hasn't otherwise granted the party an extension and the party fails to meet the 21-day deadline, "the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice."  D. Kan. R. 7.1(c).

Defendants filed their Motions to Dismiss on August 15, 2023.  Local Rules 6.1(d)(2) and 7.1(c) required plaintiff to respond within 21 days, by September 5, 2023.  Plaintiff didn't request an extension to respond, the deadline for plaintiff to respond has passed, and plaintiff hasn't filed a response to defendants' motions.  Consistent with D. Kan. R. 7.1(c), the court considers and decides defendants' Motions to Dismiss as uncontested.  The court grants both motions (Doc. 6; Doc. 7).

#### 2.      **Defendants' Motions to Dismiss on the Merits**

Even if the court permitted Mr. Meyer to file a late response—a request he hasn't made—defendants' Motions to Dismiss (Doc. 6; Doc. 7) nevertheless would prevail because Mr. Meyer has failed to state a claim for negligence and breach of contract against Ms. Hoppes.  The next two sections explain why.  But first, the court explains which law applies to Mr. Meyer's claims.

### a.     Choice of Law

When a court sits in diversity, it must apply the conflict of laws rules of the state in which it sits to determine the applicable law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Kansas, if the relevant contract contains a choice of law provision, "Kansas courts generally effectuate the law chosen by the parties to control the agreement." *Brenner v. Oppenheimer & Co.*, 44 P.3d 364, 375 (Kan. 2002).

Absent a choice of law provision, Kansas conflict of laws rules apply the *lex loci contractus* doctrine, that is, "the law of the state where the contract is made governs." *In re K.M.H.*, 169 P.3d 1025, 1031–32 (Kan. 2007). "A contract is made where the last act necessary for its formation occurs." *Id.* at 1032. "In cases involving insurance policies, [Kansas] courts have repeatedly held the contract is made where the policy is delivered." *Layne Christensen Co. v. Zurich Can.*, 38 P.3d 757, 767 (Kan. Ct. App. 2002).

Finally, the party seeking to apply the law of a jurisdiction other than the forum generally "has the burden to present sufficient facts to show that other law should apply." *In re K.M.H.*, 169 P.3d at 1032. If the party fails to provide a "clear showing that another state's law should apply," then "Kansas courts have often leaned toward a *lex fori*, or law of the forum, approach, opting to apply Kansas law[.]" *Id.*

The court applies Kansas conflict of law rules here because diversity jurisdiction furnishes subject matter jurisdiction, and this court functions in the state of Kansas. The parties don't provide facts sufficient for the court to determine whether the policy contains a choice of law provision, the state where the contract was made, or where the policy was delivered. And no party disputes that Kansas law applies. *See* Doc. 1-1 at 4 (Pet. ¶ 38) (filing originally in Kansas district court and citing Kansas law); Doc. 6 (State Auto Mot. Dismiss) (citing Kansas law); Doc.

7 (Hoppes Mot. Dismiss) (same). So, absent a "clear showing that another state's law should apply," the court evaluates Mr. Meyer's negligence and breach of contract claims under Kansas law. *In re K.M.H.*, 169 P.3d at 1032.

### b. Plaintiff's Negligence and Breach of Contract Claims Against Ms. Hoppes

Mr. Meyer alleges that "Defendant Laura Hoppes was negligent in failing to ensure necessary mitigation work was performed in a timely manner." Doc. 1-1 at 5 (Pet. ¶ 24). "[T]o establish a negligence claim, the plaintiff must establish the existence of a duty, a breach of that duty, an injury, and proximate cause[.]" *Hale v. Brown*, 197 P.3d 438, 440 (Kan. 2008).

The "Kansas Supreme Court has explicitly rejected the contention that the failure of an insurer to meet its contractual duties can give rise to a claim of negligence." *Progressive*, 2016 WL 4430669, at *4 (citing *Guarantee Abstract & Title Co. v. Interstate Fire & Cas. Co.*, 652 P.2d 665, 669 (Kan. 1982) ("[A] claim that an insurer acted negligently in performing its contractual duty . . . does not create a tort action[.]")). Rather, an "insurer's duties are contractually based[.]" *Glenn v. Fleming*, 799 P.2d 79, 90 (Kan. 1990). "The difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising under or imposed by agreement; whereas, a tort is a violation of a duty imposed by law." *Guarantee Abstract*, 652 P.2d at 667. And "[o]ne of the established principles of contract law is that, absent an exception, 'a contract cannot bind a nonparty.'" *Ayres*, 345 F. Supp. 2d at 1215 (citing *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)). "Contracts of insurance and their equivalents are agreements between an insured and an insurer." *Marshel Invs., Inc. v. Cohen*, 634 P.2d 133, 141 (Kan. Ct. App. 1981).

Mr. Meyer "fail[s] to state a claim upon which relief can be granted" for both his contract and negligence actions against Ms. Hoppes. Fed. R. Civ. P. 12(b)(6). First, negligence: Mr.

9

Meyer alleges that Ms. Hoppes "owed a duty of care to promptly provide water mitigation services." Doc. 1-1 at 5 (Pet. ¶ 5). But any duty Ms. Hoppes might've owed Mr. Meyer originates from the insurance policy—a contract—instead of from "a duty imposed by law." *Guarantee Abstract*, 652 P.2d at 667. Mr. Meyer thus fails to establish a duty, the first element of a negligence claim. *Hale*, 197 P.3d at 440. Second, breach of contract: The insurance policy is a contract between Mr. Meyer and State Auto. Ms. Hoppes isn't a party to the insurance policy. And the insurance policy can't bind non-parties. Ms. Hoppes thus owes no contractual obligations to Mr. Meyer under the insurance policy.

### IV.     Conclusion

In sum, the court grants defendants' uncontested Motions to Dismiss (Doc. 6; Doc. 7) because plaintiff failed to timely respond to either motion. And even if the court permits plaintiff to file a late response, the court would grant defendants' motions on their merits anyway. Plaintiff has no cause of action to assert against defendant Ms. Hoppes, neither in negligence nor contract.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motions to Dismiss (Doc. 6; Doc. 7) are granted.

**IT IS SO ORDERED.**

**Dated this 20th day of October, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge
